IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NADINE SEPULVEDA, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| WELLSTAR HEALTH SYSTEM, INC. | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

COMES NOW Nadine Sepulveda ("Sepulveda" or "Plaintiff"), Plaintiff herein, and files this Amended Complaint against the above-named Defendant, Wellstar Health System ("Wellstar" or "Defendant"), as follows:

**Introduction**

This is a civil rights lawsuit seeking both compensatory and punitive damages, plus attorney's fees and the costs of litigation for the willful discrimination perpetrated by Defendants herein through the conduct of Defendants against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") , as amended by the Pregnancy Discrimination Act of 1978 (42 U.S.C. §§ 2000e(k) ("women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes … as other persons not so affected but similar in their ability or inability to work…")),

the Americans with Disabilities Act of 1990, as amended ("the ADA"), 42 U.S.C. §§ 12112(a) and (b)(5)(a) and 12117(a), as well as Defendants' common law and statutory obligations to Plaintiff. Sepulveda seeks damages, pre-judgment interest, costs (including attorney's fees), and equitable and declaratory relief to the fullest extent allowed by law.

## I. The Parties

1. Plaintiff Nadine Sepulveda is and at all times material hereto has been a female citizen of the United States and a resident of Lithia Springs, Georgia. Plaintiff was an "employee" of Defendants as that term is defined under Title VII, the ADA, and related applicable case law.

2. Defendant Wellstar is a health care provider serving the general public and is an "employer" as that term is defined under Title VII, the ADA, and related applicable case law.

## II. JURISDICTION AND VENUE

3. Plaintiff Sepulveda performed work for Defendant within the jurisdiction of this Court. Sepulveda has satisfied the statutory conditions precedent set forth in Title VII and the ADA for filing these claims with this Court.

4. At all times material herein, Defendant has been authorized to conduct business within the State of Georgia, has transacted business in the State of Georgia, employed Plaintiff in the State of Georgia, and has regularly solicited

business and derived substantial revenue from goods used and/or services rendered in the State of Georgia.  Defendant is an active corporation with a principal office in Marietta, Georgia.  Defendant Leonard's Cabinet can be served with a summons and a copy of Plaintiff's Complaint by service upon its registered agent, Leo E. Reichert at 793 Sawyer Road, Marietta, GA  30062.

5.	Venue for this action is proper in this district and division pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial district, all of the events and omissions giving rise to the claims herein occurred in this judicial district, and the employment at issue and events giving rise to the claims herein occurred in this district and division.

6.	This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

### III.	FACTS SUPPORTING PLAINTIFF'S CLAIMS

7.	Plaintiff Nadine Sepulveda, a nursing assistant at Wellstar since August of 2015, learned that she was pregnant on or about March 12, 2020.  Plaintiff informed her manager, Helen Abdowele, that she was pregnant on or about March 16, 2020. Plaintiff discussed with Ms. Abdowele that, because she was considered part of a high-risk pregnancy group, she should not be exposed to individuals diagnosed with, or displaying symptoms of, COVID 19.  Ms. Abdowele agreed and said it would not be a problem.

8.     Nonetheless, on April 20, 2020, Ms. Abdowele told Plaintiff that, without a doctor's note, Plaintiff would have to work wherever she was assigned, without regard to her pregnancy.  Plaintiff informed Ms. Abdowele that she her first doctor's appointment related to her pregnancy was scheduled for April 30, 2020.  Ms. Abdowele reiterated that, without a doctor's note, Plaintiff would have to work wherever she was assigned.  Out of concern for her health and that of her unborn child, Plaintiff was compelled to call out her remaining shifts until her doctor's appointment on April 30, 2020.

9.     On or about April 30, 2020, following her doctor's visit, Plaintiff provided her employer with a doctor's note stating that Plaintiff is not to "work with or be in contact with patients who are COVID 19 positive or PUI [Patient Under Investigation] for COVID 19."  Ms. Abdowele's attitude and behavior towards Plaintiff deteriorated immediately thereafter, with Ms. Abdowele largely ignoring her and, when addressing Plaintiff, doing so in a rude and abrupt manner.  In addition, Plaintiff was assigned to care for violent patients and patients in excess of 500 pounds at a rate higher than her non-pregnant co-workers.

10.    On or about August 6, 2020, Plaintiff provided her employer with a doctor's note stating "Due to complications related to her pregnancy, [Plaintiff] has been instructed to maintain a modified activity level consisting of light duty.  She has also been instructed not to lift over 25 lbs for the duration of her pregnancy."  That

Saturday, Plaintiff was assigned to sit with/watch patients 1-on-1, and on Sunday worked as a secretary for a different unit.

11.     On August 10, 2020, Plaintiff's day off, Plaintiff received a call from Wellstar human resources employee Pamela Jackson stating that a determination would have to be made regarding the availability of light duty for Plaintiff, and that she would call Plaintiff back.  No interactive discussion regarding reasonable accommodations for Plaintiff's pregnancy/short-term disability occurred.

12.     When Plaintiff returned to work on August 11, 2020, she was initially given a 1-on-1 position, but at approximately 9:30 a.m. was told by Ms. Abdowele to "go home and not return until you hear back from Pamela Jackson and she tells you what your next steps are.  We cannot accommodate your light duty."  Plaintiff asked Ms. Abdowele what she meant, and was inquiring about her paid time off, when Ms. Abdowele cut her off and said "I don't know.  I don't know.  I don't know.  Pamela Jackson is in charge of all that and it's her position so you need to follow up with her moving forward."  Ms. Abdowele then grabbed her personal belongings off of a table, walked away, and got on an elevator.  Plaintiff then clocked out and walked over to Wellstar's human resources building, but no one was there.  Plaintiff called Ms. Jackson and was told that Ms. Abdowele was supposed to follow up with a human resources consultant, but that Ms. Jackson would follow-up and contact Plaintiff later that day.  By the time Plaintiff had

returned to her home and checked her schedule, she had already been removed from the schedule through October and was put on a Leave of Absence against her wishes, and before Ms. Jackson ever contacted Plaintiff.

13.   Plaintiff called Ms. Jackson on August 13, 2020, and was told that Wellstar could not accommodate Plaintiff's light duty.  No discussion was had between any representative of Wellstar and Plaintiff about any reasonable accommodation that could be afforded to Plaintiff.  Instead, Plaintiff was told that her only options were to be put on a leave of absence or a medical leave, despite her doctor's note stating that Plaintiff could continue working in a light duty capacity.  Plaintiff was given the name and number for Regina Kinders as a contact person for light duty. Despite several phone calls and messages to Ms. Kinders by Plaintiff, Ms. Kinders did not contact Plaintiff until August 19, when Ms. Kinders left a message on Plaintiff's voicemail.

14.   Plaintiff was discriminated against because of her pregnancy.  Wellstar failed to engage in any discussion with Plaintiff regarding a reasonable accommodation for her pregnancy, which became a short-term disability at the time it interfered with Plaintiff's ability to participate in major life activities, including, but not limited to, working without an accommodation.  Plaintiff was retaliated against after requesting a light-duty accommodation for medical issues related to her pregnancy.

## IV.     PLAINTIFF'S CLAIMS

### Count One:  Discrimination on the Basis of Pregnancy in Violation of Title VII of the Civil Rights Act of 1964

15.     During the final weeks of Ms. Sepulveda's employment with Defendant, Defendant intentionally treated Ms. Sepulveda differently and less favorably than similarly situated employees who were not pregnant.

16.     At the time the above-referenced actions occurred, Ms. Sepulveda was female and subject to the protection of Title VII.

17.     Defendant's conduct in using Ms. Sepulveda's pregnancy as a motivating factor in adverse employment action against her violated Ms. Sepulveda's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 20003, *et seq*.  *See, e.g. Young v. United Parcel Service, Inc.*, 135 S. St. 1338 (2015); *Byrd v. Lakeshore Hospital*, 30 F.3d 1380 (11th Cir., 1994).

18.     Ms. Sepulveda has fulfilled all statutory requirements necessary to file a charge of discrimination under Title VII.

### Count Two: Retaliation in violation of Title VII

19.     In response to Plaintiff's request for light duty to accommodate Plaintiff's pregnancy, Plaintiff's supervisor began treating Plaintiff poorly in comparison to her treatment of Plaintiff prior to Plaintiff's pregnancy as well as Plaintiff's non-pregnant co-workers.

**Count Three: Discrimination on the Basis of Disability in violation of the ADA**

20. Ms. Sepulveda's pregnancy impeded her ability to work without a reasonable accommodation, and participate in other major life activities, as a result of symptoms related to her high-risk pregnancy. Defendant intentionally treated Ms. Sepulveda differently and less favorably than similarly situated employees who were not suffering from pregnancy-related medical conditions.

21. At no point did Defendant engage in an interactive discussion with Ms. Sepulveda regarding any reasonable accommodation for Ms. Sepulveda's pregnancy that would have allowed her to continue working.

22. Defendant is liable to Ms. Sepulveda for compensatory and punitive damages, as well as attorney's fees and other costs of litigation, for its discriminatory treatment of Sepulveda on the basis of her pregnancy, which constituted a short-term disability.

23. Ms. Sepulveda has fulfilled all statutory requirements necessary to file a charge of discrimination under the ADA.

**Count Four: Retaliation in violation of the ADA**

24. In response to Plaintiff's request for a light duty accommodation, Plaintiff's supervisor began treating Plaintiff poorly in comparison to her treatment of Plaintiff prior to Plaintiff's request for an accommodation.

**Relief Sought**

Plaintiff Sepulveda seeks a judgment against Defendant granting Plaintiff Sepulveda compensatory (including, but not limited to back pay, front pay, and loss of benefits), statutory, exemplary and punitive damages, interest, liquidated damages, attorneys' fees, costs of litigation, and any and all additional relief as an empaneled jury and this Court deem appropriate.  Recognizing damages in this matter are continuing, Plaintiff demands no less than two hundred fifty thousand dollars ($250,000.00).

**Conclusion**

WHEREFORE Plaintiff respectfully requests a **trial by jury** on all of Plaintiff's claims which are so triable, and that judgment be entered in Plaintiff's favor and against Defendant on all counts set forth above.

Respectfully submitted this 7th day of June, 2021.

*/s/ Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128 (Phone)
tyler@kaspersfirm.com