IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NADINE SEPULVEDA,<br><br>    Plaintiff,<br><br>v.<br><br>WELLSTAR HEALTH SYSTEM, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:21-cv-02333-LMM-LTW |

# ORDER

Pending before the Court is Defendant Wellstar Health System, Inc.'s ("Defendant") Unopposed Motion for Court Order Requiring Production of File Materials by the Georgia Department of Labor. [Doc. 12]. Plaintiff Nadine Sepulveda ("Plaintiff") does not oppose the Motion. For the reasons outlined below, Defendant's Motion is **GRANTED**. [Doc. 12].

# BACKGROUND

Plaintiff filed the instant lawsuit on June 7, 2021. [Doc. 1]. Therein, Plaintiff alleges Defendant discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 (42 U.S.C. §§ 2000e(k)), and the Americans with Disabilities Act of 1990 ("the ADA"), as amended 42 U.S.C. §§ 12112(a), (b)(5)(a), and 12117(a). Id. In her Complaint, Plaintiff seeks, among other relief, back pay, front pay, and statutory,

exemplary, and punitive damages. At some point, Plaintiff filed a claim for unemployment benefits with the Georgia Department of Labor.

In the Motion, Defendant asserts that pursuant to O.C.G.A. § 34-8-126 and Fed. R. Civ. P. 45, Defendant intends to serve the Georgia Department of Labor ("DOL") with a subpoena seeking all records regarding Plaintiff's claim for unemployment benefits. [Doc. 12]. Defendant contends that this information is relevant to the issues in this case, including statements about Plaintiff's employment status when she filed for benefits and the amount of benefits awarded and the time period covered. [Id.]. As earlier noted, Plaintiff, who is represented by counsel, does not oppose Defendant's request that the Court compel the DOL to comply with the subpoena.

## DISCUSSION

Federal Rule of Civil Procedure 26 governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things[.]" Fed. R. Civ. P. 26(b)(1). However, Rule 26(b) requires that any requested discovery be relevant to a party's claim or defense, and a subpoena that "'sweepingly pursues material with little apparent or likely relevance to the subject matter [] runs the [] risk of being found overbroad and unreasonable.'" Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 50 (S.D. N.Y. 1996) (quoting United States v. Int'l Bus. Machs. Corp., 83 F.R.D. 97, 106-07 (S.D. N.Y. 1979)).

2

Rule 45 of the Federal Rules of Civil Procedure "permits a party to procure discovery from a non-party through the issuance and service of a subpoena." Hernandez v. Tregea, No. 2:07-cv-149-FtM-34SPC, 2008 WL 3157192, at *3 (M.D. Fla. Aug. 4, 2008). In addition to the limitations in Rule 26(b), Federal Rule of Civil Procedure 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The burden of proof in demonstrating that compliance with a subpoena presents an undue burden lies with the party opposing the subpoena; however, the party seeking to enforce a subpoena bears the burden of demonstrating that the request is relevant. Fadalla v. Life Auto. Prods., Inc., 258 F.R.D. 501, 504 (M.D. Fla. 2007) (citations omitted).

The Court notes that under O.C.G.A. § 34-8-126, private and confidential information retained by the DOL is unavailable in discovery proceedings unless the court in which the action has been filed makes a finding that the need for the information outweighs the privacy interests justifying confidentiality, and issues a judicial or administrative subpoena or order to the DOL containing this finding. See O.C.G.A. § 34-8-126. Neither party disputes that the unemployment records sought by Defendant's subpoena are relevant and confidential records for purposes of the pending Motion. See generally [Doc. 12]; see also O.C.G.A § 34-8-121(a) ("Any information or records concerning an individual or employing unit obtained by the department pursuant to the administration of this chapter or other federally funded programs for which the

3

department has responsibility shall be private and confidential[.]"), and so this Court must determine whether Defendant's need for the information outweighs any implicated privacy interest. See O.C.G.A. § 34-8-126.

The parties agree that the information contained in Plaintiff's unemployment records is relevant to issues in this case. [Doc. 12]. Additionally, the Court specifically notes that the information requested is relevant to Plaintiff's claims for damages resulting from retaliation and discrimination as well as Defendant's defenses to the same. The Court thus finds Defendant's need for the information or records in this proceeding outweighs any reasons for the privacy and confidentiality of the information or records." See O.C.G.A. § 34-8-126.

Based on the foregoing, Defendant's Motion is **GRANTED**. [Doc. 12]. Accordingly, Non-Party Georgia Department of Labor is ORDERED to comply with Defendant's subpoena and to produce a certified copy of the responsive documentation, along with a copy of any audio tapes, within thirty (30) days of the date of this Order.

**IT IS SO ORDERED**, this the __11__ day of January, 2022.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)